IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIA J. SMITH, et al.,

    Plaintiffs,

v.

Case No. 2:11-CV-0616
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

UNITED STATES OF AMERICA,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion to Dismiss for Failure to State a Claim (Doc. 5) based on Plaintiff Patricia Smith's failure to attach to the complaint an affidavit of merit as required by Ohio Civ. P. Rule 10(D)(2). For the reasons stated herein, the government's motion is **DENIED as MOOT**.

The complaint makes the following allegations: On September 23, 2009, Smith's spouse, William Art Smith (hereinafter "decedent"), an army veteran, had a cervical spine MRI done at the Chillicothe Veterans Affairs Medical Center. (Compl. ¶ 11.) The MRI was read by Martha Brogan, M.D., who determined that the decedent had a pituitary macroadenoma with evidence of a prior transsphenoidal biopsy. (Compl. ¶ 11.) The MRI read by Dr. Brogan was not the decedent's, but was that of a different patient and labeled as such. (Compl. ¶ 12.)

On November 24, 2009, decedent was diagnosed with pituitary macroadenoma based on Mark Hnilica, M.D.'s reading of the MRI and apparent changes from a previous biopsy, although decedent denied ever having underwent a previous biopsy. (Compl. ¶ 13.) According to the complaint, Dr. Hnilica based his diagnosis on the MRI film that did not belong to the decedent. (Compl. ¶ 13.) On December 14, 2009, Dr. Hnilica performed a transsphenoidal resection of a

pituitary tumor on decedent, achieving a total resection of what was thought to be macroadenomatous tissue. (Compl. ¶ 14.) The final pathology of the removed tissue revealed no pituitary tumor and decedent suffered a number of complications following the procedure. (Compl. ¶ 15.) The decedent died on September 15, 2010, allegedly as a result of the removal of his pituitary gland. (Compl. ¶ 16.)

On July 13, 2011, Smith filed her complaint for medical malpractice against the United States Department of Veterans Affairs pursuant to 28 U.S.C. §§ 2671–2680, the Federal Tort Claims Act ("FTCA"). The FTCA provides that the United States' liability is to be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). In the instant case, the place of occurrence of the claimed injury is Ohio.[1]

Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure requires the filing of an affidavit of merit in any case in which a claim of medical malpractice is made. Allegations of medical malpractice in Ohio generally require expert testimony to succeed. The affidavit required by Rule 10(D)(2)(a) must contain:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
(ii) A statement that the affiant is familiar with the applicable standard of care;
(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

---

[1] This Court has previously applied the affidavit of merit requirement under the Ohio Rules of Civil Procedure in FTCA cases. *See Landis v. United States*, No. 2:08-CV-00723, 2009 WL 825407 (S.D. Ohio Mar. 27, 2009). The Court recognizes that several district courts within the Sixth Circuit have also reached the same conclusion. *See, e.g., Daniel v. United States*, 716 F. Supp. 2d 694, 698 (N.D. Ohio 2010); *Williams v. United States*, 754 F. Supp. 2d 942, 950–51 (W.D. Tenn. 2010); *Bierbauer v. Manenti, M.D. et al.*, No. 4:09CV2142, 2010 WL 400835, at *10 (N.D. Ohio Oct. 12, 2010); *Luckett v. United States*, No. 08-CV-13775, 2009 WL 1856417, at *5 (E.D. Mich. June 29, 2009); *Lee v. Putz*, No. 1:03-CV-267, 2006 WL 1791304, at *5 (W.D. Mich. June 27, 2006).

2

Here, no such affidavit was attached to Smith's complaint.

However, Rule 10(D)(2) was enacted "to deter the filing of frivolous medical malpractice claims" and to "ensure that only those plaintiffs truly aggrieved by the hands of the medical profession have their day in court." *Fletcher v. Univ. Hosps. of Cleveland*, 897 N.E.2d 147, 149 (Ohio 2008). Rule 10(D)(2)(b) contemplates a motion for additional time for the affidavit to be filed contemporaneously with the complaint. Smith has now provided the Court with an affidavit executed by Walter Basen, M.D. on October 11, 2011 (Doc. 9). The affidavit meets all of the requirements of Rule 10(D)(2)(a). While it was not filed contemporaneously with the complaint, Smith has, in her response to the government's motion to dismiss, requested leave to amend her complaint to add the affidavit of merit (Doc. 6). *See Manley v. Marsico*, 876 N.E.2d 910, 911 (Ohio 2007) (trial court accepting late filing of affidavit of merit despite plaintiff's failure to file affidavit contemporaneously with complaint).

Since the affidavit complies with the requirements of Rule 10(D)(2)(a) and the government has not been prejudiced by Smith's failure to attach it to the complaint, Smith's Motion for Leave to Amend the Complaint (Doc. 6) to add the affidavit of merit is **GRANTED**.

For the reasons stated above, the Government's Motion to Dismiss for Failure to State a Claim (Doc. 5) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

10-26-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3