UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Patricia J. Smith, individually and as Administrator of the Estate of William Art Smith, deceased, | : <br> : <br> : Case No. 2:12-cv-616 |
| Plaintiff, | : JUDGE EDMUND A. SARGUS, JR. |
| v. | : MAGISTRATE JUDGE KEMP |
| United States of America, et al., | : |
| Defendants. | : |

AGREED PROTECTIVE ORDER

In November 2013, Plaintiff Patricia J. Smith issued requests for production under Fed. R. Civ. P. 34 that seek information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; the Health Insurance Portability and Privacy Act (HIPAA), 42 USC § 1320d, et. seq., or considered proprietary technical information by the United States Department of Veterans Affairs. To permit the Plaintiff to discover the information requested, it is hereby ORDERED under 5 U.S.C. § 552(a)(b)(11) and 45 C.F.R. § 164.512(e), and Federal Rule of Civil Procedure 26(c) that the United States may disclose to Plaintiff's counsel information protected under the Privacy Act or HIPAA without the consent of individuals who are not party to this case, or that is considered proprietary by the VA. That information includes: (1) the VA's provider profile, credentialing & privileging files, and VA board meeting

minutes regarding Dr. Martha Brogan, who was an employee of the VA's independent contractor Columbus Radiology during the events alleged in this action; (2) information regarding employees of Columbus Radiology and other entities and persons that are contained in the documents disclosed, except the United States will redact before disclosure to Plaintiff's counsel the full names of providers other than Dr. Martha Brogan that appear in VA board meeting minutes; (3) information relating to images, reports, and conditions of patients other than William Arthur Smith found in the documents to be disclosed, so long as the redactions in paragraph (D) below are made before disclosure to Plaintiff's counsel; and (4) proprietary information on VA software programs or equipment.

This Order does not cover information on William Arthur Smith or Patricia J. Smith's administrative information in William Arthur Smith's medical records. That information may be disclosed by the United States absent this Order because the Plaintiff's counsel has requested the information from the United States or will be relied upon by the United States in its defense, and the Plaintiff consents to its production and use for this litigation.

In the response to the discovery requests or by letter to Plaintiff's counsel, the United States will designate the documents or files that contain confidential information produced under the Agreed Protective Order. Except as otherwise ordered by this Court, the disclosure of that information is subject to the following conditions:

A. Plaintiff's counsel shall use the disclosed information only to litigate this action, including any subsequent appeals, and shall not disclose it to the public or to any other person or entity for any reason other than to litigate this action.

B. Disclosure may be made only to the following persons: (i) parties and counsel for the parties in this action; (ii) partners, associates, secretaries, paralegal assistants, and employees of counsel who are litigating this action, to the extent reasonably necessary to render professional services in this action; (iii) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; (iv) at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; (v) any deponent during his or her deposition in this case, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; and (vi) court personnel, mediators, and court reporters. Any persons to whom disclosure is made shall be given a copy of this Order and advised of its terms.

C. If any documents or files designated as confidential are submitted in Court, they shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, a brief description of the contents of each sealed envelope or other sealed container, and the following declarations:

**This envelope [or container] contains confidential documents that were disclosed in the above-captioned case through discovery. It is not to be opened by any individual not authorized to access the information under the terms of the enclosed Agreed Protective Order.**

D. Information relating to images, reports, and conditions of patients other than William Arthur Smith found in the documents responsive to Plaintiff's November 2013 discovery requests or on which the United States may rely for its defenses may be disclosed without the consent of the individuals to whom those records pertain so long as the United States makes the following redactions before disclosure to Plaintiff's counsel: the first five digits of the patient's social security number (last four may be revealed), the patient's name (first and last initials may be revealed), and the month and day of birth (birth year may be revealed).

E. Plaintiff's counsel will notify the United States if he finds any documents that the United States has disclosed inadvertently without the redactions identified in this Order. The United States will then provide the redacted document and Plaintiff's counsel agrees to destroy the respective unredacted document. The same process will apply if the United States otherwise finds out after production that it has inadvertently provided a document without the redactions identified in this Order.

F. If confidential documents are used in deposition testimony, the documents and testimony about those documents shall not be revealed to anyone other than the individuals identified in paragraph (B) above.

G. If confidential documents, or information contained in the documents, are disclosed in any filing with the Clerk of Court, the documents, or information contained in the documents, shall be filed under seal and kept under seal by the Clerk until further order of the Court.

H. The undersigned counsel for the Plaintiff and Defendant agree that all documents designated as subject to this Agreement, as well as every copy of said document, shall be returned to the U.S. Attorney's Office for the Southern District of Ohio within 30 days of final disposition of this matter. In the alternative, counsel for Plaintiff may destroy those materials and provide written assurance of their destruction to the U.S. Attorney's Office for the Southern District of Ohio, within 30 days of a final decision in this matter.

I. Any party may make any objection to discovery permitted by the Federal Rules of Civil Procedure or any statute or other authority.

J. The parties agree to this order without prejudice to the right of either party to request the Court to modify this Order for any specific document(s) after the United States produces the documents to Plaintiff's counsel.

K. Any allegations of abuse or violation of this Order shall be considered by the Court. If an allegation of abuse or violation of this Order is found, the Court may take disciplinary action against the appropriate parties including sanctions.

/s/ Terence P. Kemp
United States Magistrate Judge

Agreed to by:


s/Daniel N. Abraham
Daniel N. Abraham (0023457)
Trial Attorney for Plaintiff



s/John J. Stark
John J. Stark (0076231)
Assistant United States Attorney
Trial Attorney for the United States