UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICIA J. SMITH, et al.,**

    **Plaintiffs,**

v.

**CASE NO.: 2:11-cv-616
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### OPINION AND ORDER

This mater is before the Court on Plaintiffs' Motion for Leave to File, *Instanter*, Motion for Summary Judgment (ECF No. 61), Plaintiffs' Motion for Leave to File in Excess of Page Limitations (ECF No. 62), Plaintiffs' Motion to Strike Defendant's Motion for Partial Dismissal (ECF No. 63).

As to Plaintiffs' request for permission to file a motion for summary judgment past the deadline, they move under Rule 16(b) of the Federal Rules of Civil Procedure, which grants authority to modify a scheduling order only for good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiffs maintain that justice requires the Court to consider their motion for summary judgment since "Defendant has also filed a dispositive motion" past the deadline, "without seeking leave of Court." (Pl. Mot. for Leave at 2.) Plaintiffs also assert that because trial is not scheduled until December 1, 2014, there is "plenty of time for Defendant to respond to the motion and for the Court to rule upon it." *Id.* Moreover, Plaintiffs conclude that if the Court were to entertain their dispositive motion and grant it, the need for trial would be eliminated. Finally, Plaintiffs argue

that if this Court were to deny their request to file a dispositive motion, it is only fair that it should grant their Motion to Strike Defendant's Motion for Partial Dismissal for filing it after the deadline. Plaintiffs' arguments are not well taken.

On August 28, 2012, the parties requested a six month extension of the dispositive motions deadline, which this Court granted. (ECF No. 22.) The deadline was re-set to April 30, 2013. (ECF No. 23). No further extensions were requested and no dispositive motions were filed. Trial in this case is scheduled for December 1, 2014 (three and one-half months from now), and despite Plaintiffs' belief that this Court's schedule would permit it to issue a decision on a dispositive motion that addresses every issue presented in this three year old case, the Court does not find the amount of time before trial is scheduled constitutes good cause to file a motion a year and one-half after the deadline has passed.

Additionally, the Court disagrees with Plaintiffs' contention that Defendant has filed an untimely dispositive motion without permission. Defendants' Motion for Partial Dismissal is addressed to this Court's subject matter jurisdiction regarding a portion of Plaintiffs' claims. It is well settled that "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011).

Last, the Court notes that under its Local Rules, there is no need to file a motion to request leave to file in excess of the page limitations. *See* S.D. Ohio Civ. R. 7.2(a)(3) ("In all cases in which memoranda exceed twenty pages, counsel shall include a combined table of contents and a succinct, clear, and accurate summary, not to exceed five pages, indicating the main sections of the memorandum, and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any subsections may be found.").

2

Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File, *Instanter*, Motion for Summary Judgment (ECF No. 61), **DENIES** Plaintiffs' Motion for Leave to File in Excess of Page Limitations (ECF No. 62), and **DENIES** Plaintiffs' Motion to Strike Defendant's Motion for Partial Dismissal (ECF No. 63).

**IT IS SO ORDERED.**

   8-28-2014
**DATE**

                                     **EDMUND A. SARGUS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**